

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fairex Wade
County Attorney
Rockwall County
Rockwall, Texas

Dear Sir:

Opinion No. 0-3255
Re: Is a county attorney
entitled to any fee
in representing the
State in a habeas
corpus hearing in
which the defendant
is charged with a
misdemeanor?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"I would like to know whether in your opinion the county attorney is entitled to his fees in representing the State in a habeas corpus hearing in which the defendant is charged with a misdemeanor. According to my interpretation of the statutes these hearings may be had in either the district or county courts. It seems to me that articles 117 and 121 of the Code of Criminal Procedure gives this concurrent jurisdiction under the construction given to such statutes by Ex Parte Strong, 34 Crim. Rep. 309. Article 1025 provides that in counties voting more than 3000 in number, the county attorney shall receive $16.00 for representing the State in a habeas corpus case in which the defendant is charged with a felony. Later in the same article it is provided that the county attorney shall receive 'twenty dollars for each such habeas corpus case.' Does this mean that the county attorney receives nothing for representing the State in the district court

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

in a habeas corpus case in which the defend-
ant is charged with a misdemeanor."

Articles 121 and 162, Vernon's Annotated Code of
Criminal Procedure, read as follows:

"Art. 121.  If a person is confined on a
charge of misdemeanor, he may apply to the
county judge of the county in which the mis-
demeanor is charged to have been committed,
or, if there be no county judge in said coun-
ty, then to the county judge whose residence
is nearest to the court house of the county
in which the applicant is held in custody.

"Art. 162.  The judge trying the cause
under habeas corpus may make such order as
is deemed right concerning the cost of bring-
ing the defendant before him, and all other
costs of the proceeding, awarding the same
either against the person to whom the writ
was directed, the person seeking relief, or
may award no costs at all."

Articles 117 and 120, Vernon's Annotated Code of
Criminal Procedure, read as follows:

"Art. 117.  The Court of Criminal Appeals,
the district courts, the county courts, or any
judge of said courts, have power to issue the
writ of habeas corpus; and it is their duty,
upon proper application, to grant the writ un-
der the rules prescribed by law."

"Art. 120.  If a person is confined after
indictment on a charge of felony, he may apply
to the judge of the court in which he is indicted;
or, if there be no judge within the district,
then to the judge of any district whose residence
is nearest to the court house of the county in
which the applicant is held in custody."

District courts are empowered to issue original writs
of habeas corpus in all cases where such writs are proper rem-
edies under the established rules of law, whether such case be
of a civil or criminal nature.  County courts have like power
in cases where the offense charged is within the jurisdiction
of such courts or of any inferior court or tribunal; but these

courts may not issue the writ in felony cases. Legate v. Legate, 28 S. W. 281; Ex parte Wilkinson, 278 S. W. 426; Letcher v. Crandall, 44 S. W. 197; Texas Jurisprudence, Vol. 21, Page 444.

Article 1025, Vernon's Annotated Code of Criminal Procedure, mentioned in your inquiry, has no application concerning fees or compensation for district or county attorneys where the defendant is charged with a misdemeanor offense.

We know of no statute providing a fee or compensation for the county attorney representing the State in habeas corpus proceedings where the defendant is charged with a misdemeanor offense.

It must be kept in mind that statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication. An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled. Tex. Jur., Vol. 34, P. 508-511; McCalla v. City of Rockdale, 246 S. W. 654; Crosby County Cattle Co. v. McDermett, 281 S. W. (2d) 293; McLennan County v. Boggess, 137 S. W. 346; Binford v. Robinson, 244 S. W. 807.

In view of the foregoing authorities, the above stated question is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:RS

APPROVED MAR 21, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINIO
COMMITT
BY
CHAIRMAN